JEAN SULLIVAN, RESPONDENT, v. COAST CITIES COACHES, INC., AND ROBERT WARREN, APPELLANTS.

Submitted October 1, 1940—Decided April 24, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellants, *Charles A. Rooney.*

For the respondent, *Theodore D. Parsons.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff has judgment for $9,500 on account of an accident to her as a passenger alighting from a bus at about ten P. M.   The verdict was over $11,000 and on a rule to show cause as to damages only was reduced by the court.   The defendants appeal.   Defendant Warren was the driver of the bus.

The grounds of appeal are (a) refusal to nonsuit or to direct; (b) charge on proximate cause and refusal of requests to charge on that point; (c) exclusion of a certain part of hospital records.

Plaintiff's story of the accident was this: the bus was proceeding in Neptune City along Ridge avenue, approaching Third avenue, and she asked to stop at Third avenue.   Ridge avenue was torn up.   It had concrete curbs, concrete gutters four feet wide, and the roadway was under reconstruction and had been excavated to about eight inches below grade so that the gutters were for bus purposes utilized as a curb on which passengers were to alight.   For the last few feet before reaching the crosswalk of Third avenue the roadway gradually sloped up to the level of the crosswalk.   The driver claimed that he stopped his bus up against the gutter curb, so that both front and rear wheels were rubbing the side of the concrete.   But the plaintiff's story was that the bus was "headed in" which, of course, would leave something of a gap between the bus step, which was five or six feet from the front of the bus, and the concrete gutter: that gap would be eight inches below the gutter, and she said "when I stepped down the concrete wasn't there."   It was dark and the place was in shadow.   She fell, bruised her knees and sustained other injuries, with which we are not now concerned.

The negligence charged was in stopping the bus at a dangerous place or in a dangerous way.   It was for the jury to believe plaintiff or believe Warren.   We see no error in leaving to them the question of fact.

(b) As to the charge on proximate cause and refusal of requests we do not see any error in the language of the charge on this point. Request 2 was substantially charged, and request 3 fully covered in the main charge.

(c) The hospital records. It developed that part of these were entered by the attending physician, and another part by the "assistant supervisor" Miss Roland, from statements by the patient. These the court admitted. There was still another part, in various handwritings not identified and with no testimony of the writer. This part was excluded, and properly as it seems to us.

The case is a very close one on the facts, but we consider that the plaintiff had enough evidence to go to the jury.

The case is not controlled by *Meelhein* v. *Public Service Co-ordinated Transport,* 121 *N. J. L.* 163. In that case the pavement, gutter and curb were normal, it was daylight and everything was in plain sight.

The judgment will be affirmed.